IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE LEE GARNER | § | |
| | § | |
| v. | § | C.A. NO. C-06-218 |
| | § | |
| PAUL MORALES, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION FOR AN EXTENSION

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Plaintiff's motion for an extension of time to file a reply to defendants' answer is pending. (D.E. 30). Specifically, he seeks thirty additional days to file a reply.

Rule 7 of the Federal Rules of Civil Procedure addresses the filing of pleadings. In relevant part, it states:

> There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer.

Fed. R. Civ. P. 7(a) (emphasis added). Rule 7 was created in order to make federal litigation more efficient. 5 Charles Alan Wright & Arthur R. Miller Federal Practice and Procedure § 1181 (3d ed. 2004).

A reply to an answer is not necessary pursuant to the Federal Rules of Civil Procedure. Lopata v. Handler, 37 F. Supp. 871, 872 (E.D. Okla. 1941), appeal dismissed 121 F.3d 938 (10th Cir. 1941). More important, Rule 7(a) establishes that plaintiffs may not file a reply to an answer except in specific circumstances. FDIC v. First Nat'l Fin. Co., 587 F.2d 1009, 1012 (9th Cir. 1978) ("No reply to the answer is allowed, unless ordered by the court."); Traylor v. Black, Sivalls &

Bryson, Inc., 189 F.2d 213, 216 (8th Cir. 1951) ("a reply was not only not required but was not even permissible, except by leave or order of the trial court granted in its sound discretion"); Kansas-Nebraska Natural Gas Co. v. Village of Deshler, Neb., 192 F. Supp. 303, 311 (D. Neb. 1960) (pursuant to Rule 7, filing of a reply was not appropriate), aff'd 288 F.2d 717 (8th Cir. 1961); Beckstrom v. Coastwise Line, 13 F.R.D. 480, 482 (D. Alaska 1953) ("Since the answer does not contain a counterclaim or cross-complaint, the reply may be filed only if the Court so orders.").[1]

As plaintiff is proceeding pro se, his pending motion may be construed as a motion for leave to file a reply to the answer. Rule 7(a) affords the Court discretion to allow the filing of a reply to an answer. Plaintiff has not provided any basis for the necessity of such a reply. Indeed, such replies typically do not enhance the efficiency of the litigation. See Von Mailath v. Order of Daughters of Divine Redeemer, 10 F.R.D. 420, 420 (E.D. Pa. 1950).

Accordingly, the Court declines to exercise its discretion to order a reply to defendants' answer. Moreover, plaintiff's motion for an extension of time to file a reply to defendants' answer, (D.E. 30), is DENIED.

ORDERED this 5th day of September 2006.

                                                  BRIAN L. OWSLEY
                                                  UNITED STATES MAGISTRATE JUDGE

---

[1] This general rule for civil litigation is contrasted with the rule for state inmates seeking habeas relief, which allows a reply by a petitioner. Rule 5(e) of the Rules Governing § 2254 Cases ("The petitioner may submit a reply to the respondent's answer or other pleading within a time fixed by the judge.").