IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE LEE GARNER | § | |
|     TDCJ-CID #606635 | § | |
| V. | § | C.A. NO. C-06-218 |
| | § | |
| PAUL MORALES, ET AL. | § | |

## ORDER DENYING PLAINTIFF'S MOTION
## FOR APPOINTMENT OF COUNSEL ON APPEAL

By order and final judgment entered September 12, 2007, the Court granted summary judgment in defendants' favor and dismissed with prejudice plaintiff § 1983 claims alleging retaliation and First Amendment violations. (See D.E. 47, 59, 60). On October 12, 2007, plaintiff filed a notice of appeal (D.E. 61), and a motion for appointment of counsel. (D.E. 62). Plaintiff argues that appointment of counsel is warranted because (1) he cannot afford to hire an attorney; and (2) the issues involved in his appeal are complex. Id. at 1. Plaintiff argues that this Court refused to consider the difficulties placed on him in trying to explain the elements of "legitimate penological interest" versus "compelling governmental interest" and "least restrictive means test" under RLUIPA, or the complexity of the "deliberate indifference" standard to a jury. Id.

### Discussion

No constitutional right to appointment of counsel exists in civil rights cases. Wendell v. Asher, 162 F.3d 887, 892 (5th Cir. 1998); Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994). A district court is not required to appoint counsel unless "exceptional circumstances" exist. Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987) (quoting Jackson v. Dallas Police Dep't, 811 F.2d 260, 261 (5th Cir. 1986)). Among the factors that the Court should consider are: "(1) the type and complexity of the case; (2) whether the indigent is capable of adequately presenting his case; (3) whether the indigent is in a position to investigate adequately the case; and (4) whether the evidence will consist

in large part of conflicting testimony so as to require skill in the presentation of evidence. The court should also consider whether appointed counsel would aid in the efficient and equitable disposition of the case." Jackson, 811 F.2d at 262 (citing Ulmer v. Chancellor, 691 F.2d 209, 213 (5th Cir. 1982)). These same factors apply in evaluating requests for counsel on appeal. Akasike, 26 F.3d at 512.

Plaintiff argues that counsel is necessary due to the complexity of the issues on appeal and the potential difficulty he might have conveying information *to a jury*. However, this case was resolved on *summary judgment*. As such, plaintiff does not need legal assistance to present his claims to the appellate court. Indeed, the record is complete, and the Fifth Circuit has all the information necessary to decide plaintiff's appellate claims. Moreover, should the Fifth Circuit require additional information, it is the appropriate court to order that information. At this point in the appeal, however, there is no there is no indication that appointing counsel would aid in the efficient and equitable disposition of the case.

No "exceptional circumstances" exist that warrant the appointment of counsel at this time. Accordingly, plaintiff's motion for appointment of counsel (D.E. 62) is DENIED without prejudice.

ORDERED this 17th day of October, 2007.

_____
Janis Graham Jack
United States District Judge