IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| WILLIE LEE GARNER | § | |
| | § | |
| v. | § | C.A. NO. C-06-218 |
| | § | |
| PAUL MORALES, ET AL. | § | |

**ORDER DENYING PLAINTIFF'S MOTION FOR TRANSCRIPTS**

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

Pending is plaintiff's motion for transcripts at the government's expense. (D.E. 75).

Specifically, he requests the transcript from a July 20, 2007 hearing.

Federal law dictates that "[f]ees for transcripts furnished in ... proceedings to persons

permitted to appeal in forma pauperis shall ... be paid by the United States if the trial judge or a

circuit judge certifies that the appeal is not frivolous (but presents a substantial question)." 28

U.S.C. § 753(f). The Fifth Circuit has explained that "[i]n order to succeed on a motion for

production of transcripts at government expense, a party must also show why the transcripts are

necessary for proper disposition of his appeal." Norton v. Dimanzana, 122 F.3d 286, 293 (5th

Cir. 1997) (citing Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985)).

Plaintiff was present for the July 20, 2007 telephonic hearing. He has failed to specify

how this transcript is necessary to effectively argue his appeal. He has not addressed why he is

unable to argue his appeal based on his personal knowledge of the hearings as well as on the

motions and orders addressing those motions.

Plaintiff's action concerns his claim that defendants violated his First Amendment right

to exercise his religion by preventing him from wearing a kufi cap and a quarter-inch beard.

(D.E. 47, at 13-18).  He also asserted a claim that his Fourteenth Amendment right to equal protection was violated based on the Texas Department of Criminal Justice's grooming policies. Id. at 18-22.  Additionally, he asserted a claim pursuant to the Religious Land Use and Institutionalized Persons Act.  Id. at 22-29.  Finally, he claimed that Juan Garcia, Louis Rocha, and Rachelle Ramon retaliated against him.  Id. at 29-37.

The July 20, 2007 hearing for which plaintiff seeks the transcript concerns a complaint he raised about his access to the law library for purpose of preparing his objections to the memorandum and recommendation.  Specifically, he claimed that he was not receiving certain volumes that he had requested.  During the hearing, he listed the cases that he wanted, and Candace Moore, the law librarian, assured that plaintiff would be provided copies of the cases. He was provided with copies of the cases that he sought.  (D.E. 56).  He also was able to file his objections.  (D.E. 57).  Plaintiff's pending motion fails to establish the need for the transcript of the July 20, 2007 hearing.  He argues that it demonstrates he is experiencing retaliatory harassment.  (D.E. 75, at 1).  However, he ultimately received all the cases that he requested. Moreover, any retaliation by Ms. Moore is not a claim asserted in plaintiff's complaint.

The only other hearing in plaintiff's case was a June 14, 2006 Spears hearing.[1]  Again, he has failed to specify how this transcript is necessary to effectively argue his appeal.  He has not addressed why he is unable to argue his appeal based on his personal knowledge of the hearings as well as on the motions and orders addressing those motions.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985).

2

Accordingly, plaintiff's motion for transcripts at the government's expense, (D.E. 75), is DENIED.

ORDERED this 28th day of December 2007.

BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE